IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID SYLVA, #296554 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv20 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

    The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus concerning a prison disciplinary matter should be denied. The Petitioner has filed objections.

    The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

    It is initially noted that the role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). The Supreme Court fully discussed the constitutional rights of inmates in the context of prison disciplinary proceedings in *Wolff v. McDonnell*, 418 U.S. 539

(1974). The Petitioner has not shown a violation of his due process rights as defined by the Supreme Court in *Wolff v. McDonnell*. The Petitioner complained in his objections about the use of a prison commitment screen and the accuracy of the information contained therein, but the information was pertinent only to the extent that the Director conceded that the Petitioner is eligible for release on mandatory supervision. He must be eligible for release on mandatory supervision in order to trigger a liberty interest protected by the Constitution. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). The requirement was satisfied, but the Petitioner did not show a violation under *Wolff v. McDonnell*. It is also noted that the Petitioner complained about the sufficiency of the evidence, but there was at least some evidence to uphold the findings of the disciplinary hearing captain. *See Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). Finally, the Petitioner complained about the computation of his release date, but such complaint was not part of the original petition or an amended petition. Magistrate Judge Guthrie correctly noted that the complaint was not properly before the Court. The Petitioner may raise his complaint about how the prison system is calculating his time in another petition. The Court is thus of the opinion that the objections lack merit, therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 8th day of September, 2005.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE